UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LARRY WAYNE GIDDINGS,

    Plaintiff,

v.

NANCY A BERRYHILL, Deputy Commissioner of Social Security Operations,

    Defendant.

CASE NO. 2:17-cv-1812-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff Larry Wayne Giddings filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred in evaluating the March 7, 2016 opinion of treating physician, Dr. Juliet Liu, M.D. Had the ALJ properly considered Dr. Liu's March 7, 2016 opinion, the residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is therefore harmful, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Deputy

Commissioner of Social Security Operations ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On April 30, 2014 and March 8, 2016, respectively, Plaintiff filed applications for DIB and SSI, alleging disability as of January 28, 2014. *See* Dkt. 11, Administrative Record ("AR") 164-65, 176-86. The application was denied upon initial administrative review and on reconsideration. *See* AR 83-106, 110-14. A hearing was held before ALJ Wayne N. Araki on March 16, 2016. *See* AR 34-82. In a decision dated June 24, 2016, the ALJ determined Plaintiff to be not disabled. *See* AR 14-33. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-7; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by improperly evaluating the medical opinion evidence of Plaintiff's treating physician, Dr. Liu, and non-examining State agency physician, Dr. Robert Hoskins, M.D. Dkt. 13. Plaintiff seeks remand for further administrative proceedings. Dkt. 13 at 18.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I.     Whether the ALJ properly evaluated the medical opinion evidence.**

Plaintiff argues the ALJ erred in evaluating the opinion of his treating primary care physician, Dr. Liu, and non-examining State agency physician, Dr. Hoskins. Dkt. 13.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

A.  Dr. Liu's Opinions

As an initial matter, the parties contest the Court's standard of review.   Plaintiff argues the ALJ was required to provide clear and convincing reasons for giving little weight to Dr. Liu's three opinions. Dkt. 13 at 7. Defendant argues Dr. Liu's opinion is contradicted by the opinion of Dr. Hoskins, who found Plaintiff could perform a limited range of sedentary work, thus, the ALJ was only required to provide specific and legitimate reasons to discount Dr. Liu's opinions. Dkt. 14 at 2 (citing AR 99-100).

Dr. Hoskins opined Plaintiff could perform "modified sedentary work" including standing/walking for two hours and sitting for six hours in an eight-hour workday.  AR 99-100.

This is contradictory to the more restrictive March 7, 2016 opinion of Dr. Liu wherein she opined Plaintiff could only stand, sit, and walk one hour in an eight-hour workday. AR 686. Therefore, the Court concludes the ALJ was required to provide specific and legitimate reasons for rejecting Dr. Liu's opinions. *See Lester*, 81 F.3d at 830-31 (When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record.").

Dr. Liu has treated Plaintiff as his primary care physician since August 2012. AR 475, 685. Dr. Liu offered three opinions dated January 28, 2014, September 9, 2014, and March 7, 2016. AR 289, 475, 685-88.

On January 28, 2014, Dr. Liu opined Plaintiff could not return to his current work duties for six months, but may do light duty work, such as a desk job. AR 289. The ALJ assigned this opinion little weight as it only applied to the period between January 2014 and June 2014 and did not include any findings or analysis beyond the conclusion. AR 25.

On February 24, 2014, Plaintiff underwent cardiovascular surgery including aortic valve replacement, coronary reimplantation, and radical mitral valve repair with cardiologist Dr. Howard, Lewis, M.D. AR. 428.

On September 9, 2014, Dr. Liu opined Plaintiff reached maximum medical improvement and stated Plaintiff reported he was able to work one to one-and-a-half hours of sedentary or mild activity before needing to rest for a few hours. AR 475. The ALJ assigned little weight to Dr. Liu's September 9, 2014 opinion because it was based entirely on Plaintiff's subjective reports. AR 25.

On March 7, 2016, Dr. Liu completed a check-box treating source statement for Plaintiff's physical impairments and opined Plaintiff would be off-task for more than 25% of the

workday, absent from work more than four days per month, and able to sit, stand and walk for one hour in an eight-hour workday, requiring the option to sit/stand at-will. AR 685-88. The ALJ assigned little weight to Dr. Liu's March 7, 2017 opinion, reasoning: (1) Dr. Lewis, not Dr. Liu, is Plaintiff's treating physician for Plaintiff's heart conditions; (2) Dr. Liu did not include any objective findings to support her opinion; and (3) the objective findings do not support the level of restriction opined by Dr. Lui. AR 25.

### 1. *January 28, 2014 Opinion*

The ALJ assigned little weight to Dr. Liu's January 28, 2014 opinion, finding it was limited to a six-month period. AR 289. Plaintiff concedes Dr. Liu's January 28, 2014 opinion is not sufficient to support a 12-month period of disability, but argues Dr. Liu's September 9, 2014 and March 7, 2016 opinions demonstrate Plaintiff's disability is ongoing, and the ALJ erred in viewing the January 28, 2014 in isolation, rather than the "record as a whole". Dkt. 13 at 13 (citing 20 C.F.R. § 404.1527(c)(4)). The Court disagrees. Because the ALJ identified particular reasons for rejecting each of Dr. Liu's three opinions, the Court does not find the ALJ erred in his assessment of Dr. Liu's January 28, 2014 opinion.

Moreover, even if the ALJ erred in failing to consider Dr. Liu's January 28, 2014, any error is harmless. "[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties'

'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)). Furthermore, "the fact that the administrative law judge, had [he] considered the entire record, might have reached the same result does not prove that [his] failure to consider the evidence was harmless. Had [he] considered it carefully, [he] might well have reached a different conclusion." *Hollingsworth v. Colvin*, 2013 WL 3328609, *4 (W.D. Wash. July 1, 2013) (quoting *Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010)).

As Defendant points out, Dkt. 14 at 3, the ALJ ultimately found Plaintiff was limited to sedentary work, including standing/walking for two hours and sitting for six to eight hours in an eight-hour workday. AR 20. This is not materially inconsistent with Dr. Liu's January 28, 2014 opinion Plaintiff can only perform light duty work, such as desk job. AR 289. In her January 28, 2014 opinion, Dr. Liu did not make any observations related to Plaintiff's ability to sit, stand, or walk. *See* AR 289. As a result, if Dr. Liu's January 28, 2014 opinion as to Plaintiff's limitations were included in the RFC and in the hypothetical questions posed to the vocational expert, the ultimate disability determination would not have changed. Thus, any error by the ALJ is harmless. *See Molina*, 674 F.3d at 1115.

   2.   *September 9, 2014 Opinion*

Next, the ALJ found Dr. Liu's September 9, 2014 opinion indicating Plaintiff was limited to one-and-a-half hours of mild activity was based entirely on Plaintiff's self-report. AR 25, 475. Here, the ALJ properly rejected Plaintiff's subjective symptom testimony, which Plaintiff does not challenge. AR 23; Dkt. 13.

An ALJ may reject a physician's opinion "if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602

(9th Cir. 1999)); *Andrews,* 53 F.3d at 1043 (An ALJ need not accept opinion evidence which is based on the claimant's discredited statements.). This situation is distinguishable from one in which the doctor provides his own observations in support of his assessments and opinions. *See Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008). "[W]hen an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citing *Ryan*, 528 F.3d at 1199-1200).

Plaintiff contends the ALJ's finding is based on "pure speculation[,]" and Dr. Liu did not state she was relying on Plaintiff's reports. Dkt. 13 at 11. However, in Dr. Liu's September 9, 2014 opinion, Dr. Liu explicitly stated, "[h]e [(Plaintiff)] reports he is able to work 1-1.5 hours sedentary or mild activity (such as raking leaves) before needing to rest for a few hours." AR 475. Dr. Liu's treatment notes from the same day show Plaintiff reported, he is "[a]ble to work about 1-1.5 hours, then gets fatigued." AR 478. Thus, Dr. Liu's September 9, 2014 opinion directly mirrored Plaintiff's subjective reports, which the ALJ discredited and Plaintiff does not now challenge that finding. Further, other evidence of record evinces Plaintiff had fairly benign physical examination findings on September 9, 2014. AR 479. Plaintiff presented with productive coughing and was diagnosed with bronchitis and COPD, however, Dr. Liu found regular heart rate and rhythm, no murmur, no wheezing, symmetrical chest raise, and a normal lung exam with only mildly diminished breathing sounds. AR 479. The Court concludes the ALJ did not err in concluding Dr. Liu's September 9, 2014 opinion was based on Plaintiff's subjective self-reports.

### 3. *March 7, 2016 Opinion*

Lastly, the ALJ assigned little weight to Dr. Liu's March 7, 2016 opinion because: (1) the objective findings do not support the level of restriction; (2) Dr. Lewis, not Dr. Liu, treated Plaintiff for his heart condition; and (3) Dr. Liu did not include any objective findings to support her opinion. AR 25. Dr. Liu completed her March 7, 2016 opinion on a check-box treating source statement form. AR 685-88.

An ALJ need not accept the opinion of a treating physician, if the opinion is brief, conclusory and inadequately supported by clinical findings or by the record as a whole. *Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004) (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001)); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

First, the ALJ found Dr. Liu's March 7, 2016 opinion was not supported by the objective evidence. AR 25. In support of his finding, the ALJ cites to treatment notes from 2015 and erroneously states these notes are from Dr. Liu, when they are in fact from Dr. Lewis. AR 25 (citing AR 671-73). The ALJ found these treatment notes did not support the level of restriction opined by Dr. Liu. AR 25. However, the ALJ simply asserts the objective medical evidence does not support Dr. Liu's opinion, but does not articulate why this is so. Apart from the reference to Dr. Lewis' 2015 treatment notes, the ALJ does not discuss any findings based on the medical evidence. *See* AR 25. "To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim." *Embrey,* 849 F.2d at 421. Here, "[the ALJ] merely states that the objective factors point toward an adverse conclusion and makes no effort to relate any of these objective factors to any specific medical opinions and findings he rejects. This approach is inadequate." *Id.*

at 422. For example, it is unclear how Dr. Lewis' normal cardiac findings are inconsistent with Dr. Liu's March 7, 2016 opinion which provided Plaintiff's COPD and osteoarthritis also caused Plaintiff's impairments. *See* AR 25, 686. The Court concludes this is not a specific and legitimate reason supported by substantial evidence to reject Dr. Liu's March 7, 2016 opinion. To the extent the ALJ found Dr. Liu's opinion is not entitled to controlling weight because Dr. Lewis was Plaintiff's treating physician for his heart condition, this is also not a specific and legitimate reason supported by substantial evidence for rejecting Dr. Liu's March 7, 2016 opinion. There is no reason why Dr. Liu's reference to Plaintiff's heart condition would indicate the record as whole does not support her opinion. In addition, although Dr. Liu was not Plaintiff's treating physician for his heart condition, she saw Plaintiff as his primary care physician since August 2012 and also found other conditions which could support his impairments. As discussed above, Dr. Liu also indicated Plaintiff's COPD and osteoarthritis (in addition to his heart condition) caused the opined limitations. AR 686. Therefore, Court concludes this is not a specific and legitimate reason supported by substantial evidence to reject Dr. Liu's March 7, 2016 opinion.

Finally, the ALJ rejected Dr. Liu's March 7, 2016 opinion because she merely stated Plaintiff's impairments and did not support her opinion with any objective findings. AR 25. An ALJ may "permissibly reject[ ] ... check-off reports that [do] not contain any explanation of the bases of their conclusions." *Molina v. Astrue*, 674 F.3d 1104, 1111-12 (9th Cir. 2012) (quoting *Crane v. Shalala,* 76 F.3d 251, 253 (9th Cir. 1996)). However, a treating physician's check-box form cannot be rejected if the opinion is supported by treatment notes. Here, Dr. Liu's treatment notes were included in the record. AR 440-460, 476-79, 489-95, 496-522, 689-90. Thus, Dr.

Liu's March 7, 2016 opinion is supported by several years of treatment notes, and this is not an adequate reason to assign little weight to this opinion.

The ALJ's errors with respect to Dr. Liu's March 7, 2016 opinion are not harmless. *See Molina*, 674 F.3d at 1115 ("[H]armless error principles apply in the Social Security context."); *Stout,* 454 F.3d at 1055 (error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination."). Had the ALJ properly considered all of Dr. Liu's March 7, 2016 opinion, the ALJ may have found Plaintiff disabled or included additional limitations in the RFC. For example, Dr. Liu's March 7, 2016 opinion found Plaintiff would be off-task for more than 25% of the workday, absent from work more than four days per month, and able to sit, stand and walk for one hour in an eight-hour workday, requiring the option to sit/stand at-will. AR 686. These limitations were not accounted for in the RFC. *See* AR 20 (RFC limited Plaintiff to sedentary work with standing/walking for no more than two hours per day and sitting for no more than six hours per day). If Dr. Liu's opinion as to Plaintiff's limitations were included in the RFC and in the hypothetical questions posed to the vocational expert, the ultimate disability determination may have changed. Therefore, the ALJ's error is not harmless. *See Molina*, 674 F.3d at 1115.

B. <u>Dr. Hoskins</u>

Plaintiff also contends the ALJ improperly assigned great weight to the opinion of non-examining State agency physician, Dr. Hoskins. Dkt. 13 at 13. The Court concludes the ALJ committed harmful error in assessing Dr. Liu's March 7, 2016 opinion and this case must be remanded for further consideration of Dr. Liu's March 7, 2016 opinion. *See* Section I.A., *supra*. As this case must be remanded, the Court declines to consider whether the ALJ's consideration of the opinion of Dr. Hoskins' opinion was erroneous. Rather, on remand, the ALJ should re-

evaluate Dr. Liu's March 7, 2016 opinion and Dr. Hoskins' opinion. The Court finds no error in the ALJ's consideration of Dr. Liu's January 28, 2014 and September 9, 2014 opinions, therefore, the ALJ need not re-evaluate those opinions on remand.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings[1] in accordance with the findings contained herein.

Dated this 17th day of July, 2018.

David W. Christel
United States Magistrate Judge

---

[1] Plaintiff only requests remand for further proceedings, and does not seek remand for an award of benefits. Dkt. 13 at 18. Therefore, the Court will not consider whether remand for an award of benefits its appropriate.